# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-297Erie |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA K. SAUERS, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on December 1, 2011. Plaintiff, acting *pro se*, brought this civil rights action alleging that Defendant Warden Debra Sauers violated his constitutional right to access the courts by denying him legal assistance from a fellow inmate.

Defendant Sauers has filed a motion to dismiss. ECF No. 13. In response to the motion to dismiss, Plaintiff filed a Proposed Amended Complaint, which expands upon the facts alleged in his Original Complaint and seeks to add the Department of Corrections as a Defendant to this action. ECF No. 16. Defendants Sauers and the Commonwealth filed a motion to dismiss the Amended Complaint. ECF No. 20. Plaintiff has filed a brief in opposition to the second motion to dismiss. ECF No. 22. These motions are fully briefed and are ripe for disposition by this Court.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 7, 19.

1

### A. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

3

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Defendants have attached several exhibits in support of their motion to dismiss. However, the use of these exhibits by this Court does not convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. Pryor v. National Collegiate Athletic Assoc., 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### B. Plaintiff's Allegations

In the Original Complaint, Plaintiff alleges that on June 14, 2011:

> Plaintiff is illiterate, as is known by Defendant, and she prohibited and blocked him from receiving assistance in preparing a brief for the Superior Court from an inmate of his choosing, causing his appeal to be dismissed on 9/22/11 for failure to file a brief. The Plaintiff received no less than 3 continuances from the Superior Court while he tried to obtain assistance but was denied the assistance he required. As a result of the Defendant prohibiting the Plaintiff from receiving the assistance that he needed, his appeal rights were forfeited, issues waived, and federal habeas relief barred.

ECF No. 5, page 3 (Statement of Claim, in its entirety).

In his Proposed Amended Complaint, Plaintiff elaborates on his access to courts claim and seeks to add the Pennsylvania Department of Corrections as a Defendant to this action. Plaintiff explains that he has been sentenced to life without parole and that on October 21, 2010, he filed an appeal to the Pennsylvania Superior Court (at 2873 EDA 2010) from the denial of a PCRA petition. ECF No. 16, ¶ 12. Plaintiff asserts that he is functionally illiterate[2] and that he was unable to file the court-ordered brief in support of his appeal. Id. at ¶¶ 11-14. Plaintiff sought and received four extensions of time from the Superior Court in which to file his brief. Id. at ¶ 24. Plaintiff's PCRA appeal was dismissed by the Pennsylvania Superior Court On September 22, 2011, for failure to file the required brief. Id. at ¶ 28.

Plaintiff explains that he asked fellow inmate George Bussinger to assist him in filing his brief. Id. at ¶ 16. Bussinger indicated to Plaintiff that due to the complexity of such a filing, he could only prepare a brief if he were able to read the several hundred pages of court filings pertaining to Plaintiff's underlying criminal conviction. Id. at ¶ 17. Due to prison regulations, Bussinger would need special permission to possess such a large number of court documents pertaining to another individual. Id. at ¶¶ 17, 18.

Plaintiff sought permission from unnamed prison staff for Bussinger to keep Plaintiff's papers and permission was denied. Id. at ¶ 20. On March 31, 2011, Plaintiff filed a grievance (#360056) on the matter:

> This facility has no reasonable alternative for me to receive the assistance I need to present my filing to the court. If I use the law library workers I have to be concerned that they will spread my business around the jail, or that they could write the DA on me.
>
> Bussinger does not charge to help people and I have known him for more than 6 years so I don't have to worry about him blabbing my business or writing the DA. There is no policy preventing me from seeking legal assistance from other prisoners and I want it in writing that George can help me with my brief.

---

[2] Defendants acknowledge that Plaintiff is illiterate. See ECF No. 21, page 4.

5

Id. at ¶ 21. Plaintiff alleges that he was tricked into withdrawing this grievance when the grievance officer told him that the law did not support his position. Id. at ¶ 22.

Plaintiff filed another grievance (#363375) in April of 2011 reiterating the complaints of his earlier grievance. Id. at ¶ 23. This grievance was denied by the Secretary's Office of Inmate Grievances and Appeals. Id.

As to Defendant Sauers' involvement, Plaintiff claims that Inmate Bussinger sent her two "Requests to Staff Member" (on May 29th and on June 11th) indicating his willingness to assist Plaintiff with the preparation of the brief. Id. at ¶ 25. Plaintiff also sent Sauers a "Request to Staff Member" asking that he be permitted to obtain help from other prisoners due to his illiteracy. Id. at ¶ 26.

Plaintiff argues that Defendants did not provide him with a reasonable alternative to obtain the legal assistance he needed for the following reasons:

1) Inmate law library workers are not trained in preparing briefs for filing in the Superior Court;

2) Inmate law library workers are not prohibited from spreading an inmate's case information around the prison, thereby placing the Plaintiff at risk of harm since he was charged with homicide, and the victim (who is from Philadelphia) could very well have friends or family at SCI Forest; and

3) Inmate law library workers are not prohibited from reading a person's paperwork and contacting the district attorney in an effort to gain some type of favor from that office.

Id. at ¶ 29. Plaintiff clarifies that he is not complaining that he could not obtain assistance from a specific prisoner, but that he is complaining that "he was not permitted to receive assistance from a prisoner who 1) was willing to help him, 2) knew how to file the papers that needed to be filed, 3) he could trust not to violate his confidence, and 4) would not charge him. It just happened that that prisoner was Bussinger." Id. at ¶ 31.

Plaintiff explains that "Defendants' prohibition on the Plaintiff's obtaining legal assistance from a fellow prisoner caused the Plaintiff's appeal in the Superior Court to be dismissed." Id. at ¶ 32.

**C. Access To Courts**[3]

It is well-settled that prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817 (1977).[4] In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.[5]

---

[3] The right of access to courts may arise in the context of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

[4] The Supreme Court has identified two general categories of denial of access to courts claims. Christopher, 536 U.S. at 412-13; see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety – Div. of State Police, 411 F.3d 427, 441 (3d Cir. 2005) overruled in part on other grounds as noted in Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010). The first type is "forward-looking" claims which allege that official action frustrates a plaintiff in preparing and filing suit at the present time. Christopher, 536 U.S. at 413. The second category covers "backward –looking" claims which allege that official acts "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief …. These cases do not look forward to a class of further litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." Christopher, 536 U.S. at 413-14 (citations omitted).

[5] Prisoners are limited to proceeding on access to courts claims challenging either their sentence (by direct or collateral attack) and their conditions of confinement, as the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. 343, 355 (1996).

Since the Bounds decision, the Supreme Court has clarified its holding: "Bounds did not create an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 350 (1996). Importantly, the Supreme Court noted that a plaintiff must demonstrate actual injury stemming from the denial of access. Id.[6] More recently, in Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth the specific criteria that a district court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. A plaintiff must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a further suit. Id. at 415. See also Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008).

As to the first requirement, the Court explained that the underlying claim must be stated "in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently." Riley v. Beard, 2011 WL 1204264, at *17 (W.D. Pa. 2011) citing Christopher, 536 U.S. at 417. Moreover, the explanation of the underlying lost claim "must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that 'the arguable nature of the underlying claim is more than hope.'" Id.

Plaintiff has failed to allege with the necessary specificity, **any** facts regarding the underlying "lost" appeal of the denial of the PCRA petition. Without these factual allegations, this Court cannot even speculate as to its merits and it is impossible to determine whether

---

[6] This actual injury requirement "derives from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Id. at 349. See also Stokes v. Gehr, 399 Fed.Appx 697, 699 (3d Cir. 2010) (the actual injury requirement articulated in Lewis is "derived from principles of standing, … an unwaivable constitutional prerequisite.").

8

Plaintiff has lost a non-frivolous underlying claim challenging his conviction.[7] Although Plaintiff has failed to state a claim upon which relief can be granted in this regard, he should be allowed the opportunity to further amend his complaint.

Counsel for Defendants acknowledges that Plaintiff is illiterate and was entitled to legal assistance on his PCRA appeal. See ECF No. 21, page 4. Because this case revolves around Plaintiff's uncontested illiteracy and because this is an access to courts case (the underlying claim of which involves Plaintiff's criminal conviction for murder), in the spirit of Powell v. Symons, 680 F.3d 301 (2012), an order granting the motion for appointment of counsel will be issued today and this case will be administratively closed while counsel is sought for Plaintiff.

### D. Personal Involvement of Defendant Sauers

Plaintiff cannot name an individual defendant based solely on supervisory liability, but, rather, he must show each defendant's personal involvement in the deprivation of his constitutional rights. This is true even if a named defendant is a supervisory prison official.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior.*" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). See also Rizzo v. Goode, 423 U.S. 362

---

[7] What this Court can gather from the court records submitted by Defendants in support of their motion to dismiss is that Plaintiff was convicted of several crimes including first degree murder and was sentenced to life imprisonment. ECF No. 14-1, page 1. Because Plaintiff's appeal of the PCRA denial was dismissed for failure to file a brief, the Superior Court has not considered the merits of Plaintiff's PCRA appeal.

(1976).[8] The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). If an official's only personal involvement is in investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Id. at 1208.

Plaintiff has made sufficient allegations of Defendant Sauers' personal involvement. According to the Amended Complaint, Plaintiff alleges that Inmate Bussinger sent her two "Requests to Staff Member" (on May 29th and on June 11th) indicating his willingness to assist Plaintiff with the preparation of the brief to the Superior Court and requesting permission to have possession of Clark's criminal court documents. ECF No. 16, ¶ 25. Plaintiff also sent Sauers a "Request to Staff Member" asking that he be permitted to obtain legal assistance from other prisoners due to his illiteracy. Id. at ¶ 26. At this early stage of the litigation, these allegations are satisfactory to show Sauers' personal involvement. The motion to dismiss will be denied in this regard.

### E. Eleventh Amendment Immunity

Defendants argue that Plaintiff's claim must be dismissed against the Pennsylvania Department of Corrections because it is entitled to immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment proscribes actions in the federal courts

---

[8] See also Monell v. Department of Social Services, 436 U.S. 658 (1978)(superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

against, *inter alia,* states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the Department of Corrections is an agency or arm of the Commonwealth of Pennsylvania and is, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D.Pa. 2009)(Department of Corrections). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D. Pa. 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages, Smith v. Luciani, 1997 WL 151803, at *4 (E.D. Pa. 1998) aff'd. 178 F.3d 1280 (3d Cir. 1999) (Table).

Moreover, as a state agency, the Pennsylvania Department of Corrections is not a "person" against whom a civil rights action may be brought under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claim against Defendant Pennsylvania Department of Corrections must be dismissed.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-297Erie |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA K. SAUERS, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

**O R D E R**

AND NOW, this 11th day of December, 2012;

The Clerk of Courts is directed to file the Proposed Amended Complaint [ECF No. 16] as the First Amended Complaint as of the date it was originally received. The Department of Corrections should be added to the docket as a party to this action.

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant Sauers [ECF No. 13] be dismissed as moot in light of the filing of the Amended Complaint.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants Sauers and the Pennsylvania Department of Corrections [ECF No. 20] be granted in part and denied in part. The motion to dismiss is denied as to Defendant Sauers, but is granted as to the Pennsylvania Department of Corrections.

By separate Order filed this day, this Court will grant the motion for appointment of counsel and direct the Clerk of Courts to seek counsel to represent Plaintiff in this matter.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge