**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY CLARK, | ) | |
| Plaintiff, | ) | Civil Action No. 11-297Erie |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA K. SAUERS, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER[1]**

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on December 1, 2011. Plaintiff, acting *pro se*,

brought this civil rights action alleging that Defendant Warden Debra Sauers violated his

constitutional right to access the courts by denying him legal assistance from a fellow inmate.

**A. Standards of Review**

**1)** *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily
consented to have a United States Magistrate Judge conduct proceedings in this case, including
the entry of a final judgment.  See ECF Nos. 7, 19.

1

555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading

rules, during the initial stages of litigation, a district court should construe all allegations in a

complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g.,

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a

*pro se* litigant, this Court may consider facts and make inferences where it is appropriate.


### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint

must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal,

556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman

Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the

facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906

(3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations.

Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also

McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**B. Relevant Procedural History**

In response to the Original Complaint, Defendant Sauers filed a motion to dismiss. ECF No. 13. In response to the motion to dismiss, Plaintiff filed a Proposed Amended Complaint, which expanded upon the facts alleged in his Original Complaint and sought to add the Department of Corrections as a Defendant. ECF No. 16. Defendants Sauers and the Commonwealth filed a motion to dismiss the (proposed) Amended Complaint. ECF No. 20. Plaintiff filed a brief in opposition to the second motion to dismiss. ECF No. 22.

On December 11, 2012, this Court issued a Memorandum Opinion and Order directing that the motion to dismiss be granted in part and denied in part. ECF No. 24.[2] More specifically, the Order held that although the Proposed Amended Complaint failed to state a claim upon which relief could be granted, Plaintiff should be allowed the opportunity to further amend his complaint. Furthermore, the Order opined that "[b]ecause this case revolves around Plaintiff's uncontested illiteracy and because this is an access to courts case (the underlying claim of which involves Plaintiff's criminal conviction for murder), in the spirit of Powell v. Symons, 680 F.3d 301 (2012), an order granting the motion for appointment of counsel will be issued today and this case will be administratively closed while counsel is sought for Plaintiff." Id.

Thereafter, this Court administratively closed this case and directed the Clerk of Courts to seek counsel to represent Plaintiff in this matter. ECF No. 25. The Clerk of Courts did so, and after several months and four declinations by attorneys, this Court reopened this case.

Defendant Sauers has filed a motion to dismiss. ECF No. 32. In spite of being given time in which to file an opposition brief, Plaintiff has failed to do so. See Text Orders dated May 9, 2014, and June 13, 2014.

---

[2] The Memorandum Opinion and Order also directed that the proposed Amended Complaint be filed as the Amended Complaint. Therefore, the ECF No. 16 and ECF No. 20 are identical.

**C.     The Allegations of the Amended Complaint**

In his Amended Complaint, Plaintiff elaborates on his access to courts claim. Plaintiff

explains that he has been sentenced to life without parole  and that on October 21, 2010, he filed

an appeal to the Pennsylvania Superior Court (at 2873 EDA 2010) from the denial of a PCRA

petition.  ECF No. 20, ¶ 12.  Plaintiff asserts that he is functionally illiterate[3] and that he was

unable to file the court-ordered brief in support of his appeal.  Id. at ¶ ¶ 11-14.  Plaintiff sought

and received four extensions of time from the Superior Court in which to file his brief.  Id. at ¶

24.  Plaintiff's PCRA appeal was dismissed by the Pennsylvania Superior Court on September

22, 2011, for failure to file the required brief.  Id. at ¶ 28.

Plaintiff explains that he asked fellow inmate George Bussinger to assist him in filing his

brief.  Id. at ¶ 16.  Bussinger indicated to Plaintiff that due to the complexity of such a filing, he

could only prepare a brief if he were able to read the several hundred pages of court filings

pertaining to Plaintiff's underlying criminal conviction.  Id. at ¶ 17.  Due to prison regulations,

Bussinger would need special permission to possess such a large number of court documents

pertaining to another individual.  Id. at ¶ ¶ 17, 18.

Plaintiff sought permission from unnamed prison staff for Bussinger to keep Plaintiff's

papers and permission was denied.  Id. at ¶ 20.  On March 31, 2011, Plaintiff filed a grievance

(#360056) on the matter:

> This facility has no reasonable alternative for me to receive the assistance I need
> to present my filing to the court.  If I use the law library workers I have to be
> concerned that they will spread my business around the jail, or that they could
> write the DA on me.
>
> Bussinger does not charge to help people and I have known him for more than 6
> years so I don't have to worry about him blabbing my business or writing the DA.

---

[3]  Defendants acknowledge that Plaintiff is illiterate.  See ECF No. 21, page 4.

> There is no policy preventing me from seeking legal assistance from other prisoners and I want it in writing that George can help me with my brief.

Id. at ¶ 21. Plaintiff alleges that he was tricked into withdrawing this grievance when the grievance officer told him that the law did not support his position. Id. at ¶ 22. Plaintiff filed another grievance (#363375) in April of 2011 reiterating the complaints of his earlier grievance. Id. at ¶ 23. This grievance was denied by the Secretary's Office of Inmate Grievances and Appeals. Id.

As to Defendant Sauers' involvement, Plaintiff claims that Inmate Bussinger sent her two "Requests to Staff Member" (on May 29th and on June 11th) indicating his willingness to assist Plaintiff with the preparation of the brief. Id. at ¶ 25. Plaintiff also sent Sauers a "Request to Staff Member" asking that he be permitted to obtain help from other prisoners due to his illiteracy. Id. at ¶ 26.

Plaintiff argues that Defendants did not provide him with a reasonable alternative to obtain the legal assistance he needed for the following reasons:

> 1) Inmate law library workers are not trained in preparing briefs for filing in the Superior Court;
>
> 2) Inmate law library workers are not prohibited from spreading an inmate's case information around the prison, thereby placing the Plaintiff at risk of harm since he was charged with homicide, and the victim (who is from Philadelphia) could very well have friends or family at SCI Forest; and
>
> 3) Inmate law library workers are not prohibited from reading a person's paperwork and contacting the district attorney in an effort to gain some type of favor from that office.

Id. at ¶ 29. Plaintiff clarifies that he is not complaining that he could not obtain assistance from a specific prisoner, but that he is complaining that "he was not permitted to receive assistance from a prisoner who 1) was willing to help him, 2) knew how to file the papers that needed to be filed, 3) he could trust not to violate his confidence, and 4) would not charge him. It just happened

that that prisoner was Bussinger." Id. at ¶ 31.  Plaintiff explains that "Defendants' prohibition on

the Plaintiff's obtaining legal assistance from a fellow prisoner caused the Plaintiff's appeal in

the Superior Court to be dismissed." Id. at ¶ 32.


### D.  Access To Courts[4]

It is well-settled that prisoners have a constitutional right to "adequate, effective and

meaningful" access to the courts.  Bounds v. Smith, 430 U.S. 817 (1977).[5]  In Bounds, the

Supreme Court held that "the fundamental constitutional right of access to the courts requires

prison authorities to assist inmates in the preparation and filing of meaningful legal papers by

providing prisoners with adequate law libraries or adequate assistance from persons trained in

the law."  Id. at 828.[6]

---

[4] The right of access to courts may arise in the context of the Article IV Privileges and
Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process
Clause, and the Fourteenth Amendment Equal Protection Clause.  See Christopher v. Harbury,
536 U.S. 403, 415 n.12 (2002).

[5]  The Supreme Court has identified two general categories of denial of access to courts claims.
Christopher, 536 U.S. at 412-13; see also Gibson v. Superintendent of N.J. Dep't of Law & Pub.
Safety – Div. of State Police, 411 F.3d 427, 441 (3d Cir. 2005) overruled in part on other
grounds as noted in Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010).  The first type is
"forward-looking" claims which allege that official action frustrates a plaintiff in preparing and
filing suit at the present time.  Christopher, 536 U.S. at 413.  The second category covers
"backward –looking" claims which allege that official acts "have caused the loss or inadequate
settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to
seek some particular order of relief ….  These cases do not look forward to a class of further
litigation, but backward to a time when specific litigation ended poorly, or could not have
commenced, or could have produced a remedy subsequently unobtainable.  The ultimate object
of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the
judgment in the access claim itself, in providing relief obtainable in no other suit in the future."
Christopher, 536 U.S. at 413-14 (citations omitted).

[6]  Prisoners are limited to proceeding on access to courts claims challenging either their sentence
(by direct or collateral attack) and their conditions of confinement, as the "impairment of any
other litigating capacity is simply one of the incidental (and perfectly constitutional)
consequences of conviction and incarceration."  Lewis, 518 U.S. 343, 355 (1996).

Since the <u>Bounds</u> decision, the Supreme Court has clarified its holding: "<u>Bounds</u> did not create an abstract, freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). Importantly, the Supreme Court noted that a plaintiff must demonstrate actual injury stemming from the denial of access. <u>Id</u>.[7] More recently, in <u>Christopher v. Harbury</u>, 536 U.S. 403 (2002), the Supreme Court set forth the specific criteria that a district court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. A plaintiff must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a further suit. <u>Id</u>. at 415. See also <u>Monroe v. Beard</u>, 536 F.3d 198, 205-06 (3d Cir. 2008).

As to the first requirement, the Court explained that the underlying claim must be stated "in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently." <u>Riley v. Beard</u>, 2011 WL 1204264, at *17 (W.D. Pa. 2011) citing <u>Christopher</u>, 536 U.S. at 417. Moreover, the explanation of the underlying lost claim "must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that 'the arguable nature of the underlying claim is more than hope.'" <u>Id</u>.

As this Court held previously, the allegations of the Amended Complaint fail to state with the necessary specificity, **any** facts regarding the underlying "lost" appeal of the denial of the PCRA petition. Without these factual allegations, this Court cannot even speculate as to the

---

[7]  This actual injury requirement "derives from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." <u>Id</u>. at 349. See <u>also</u> <u>Stokes v. Gehr</u>, 399 Fed.Appx 697, 699 (3d Cir. 2010) (the actual injury requirement articulated in <u>Lewis</u> is "derived from principles of standing, … an unwaivable constitutional prerequisite.").

merits of the access to courts claim and it is impossible to determine whether Plaintiff has lost a non-frivolous underlying claim challenging his conviction. See ECF No. 24.

Plaintiff has previously been allowed the opportunity to file a second amended complaint in order to more fully state the factual allegations upon which his access to courts claim is based, and he has failed to do so, despite being put on notice that the allegations of the Amended Complaint were insufficient.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY CLARK,          )
        Plaintiff,        )        **Civil Action No. 11-297Erie**
          )
        v.           )
          )
DEBRA K. SAUERS,       )        **Magistrate Judge Baxter**
        Defendant.    )

## O R D E R

AND NOW, this 5th day of December, 2014;

IT IS HEREBY ORDERED that the motion to dismiss by Defendant Sauers [ECF No. 32] is GRANTED without prejudice to petition the Court to amend the Complaint within 120 days. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge